Briefly, the facts giving rise to this controversy are as follows:
Plaintiff sustained an admittedly compensable injury on May 27, 1992. The parties executed an agreement (I.C. Form 21) which was approved by the Industrial Commission on June 16, 1992. Plaintiff was released by a doctor on August 3, 1992. Defendant ceased payments unilaterally on August 19, 1992. From August 1992 through February 1993 the unrepresented plaintiff and defendant exchanged extensive correspondence. At least one of plaintiff's letters, February 1, 1993, complained of no payments. Plaintiff sought a second opinion from Dr. Richardson of Duke University on December 7, 1992. Dr. Richardson gave an opinion that plaintiff was still disabled on January 13, 1993. On May 27, 1993 plaintiff inquired of the Industrial Commission as to whether or not defendant had filed a form 24 or a form 28 requesting permission to discontinued Temporary Total Disability payments. Then Chief Claims Examiner, Martha Barr, wrote defendant a letter on June 6, 1993 indicating that neither a form 24 nor a form 28 had been filed and defendant should bring compensation to date. On June 10, 1993 plaintiff filed a motion for sanctions with the Executive Secretary due to the defendants failure to follow the Chief Claims Examiner's instructions. Defendant retained counsel on June 17, 1993, said counsel made a motion for additional time to respond to the motion for sanctions. Defendant responded to the motion on June 30, 1993. Deputy Commissioner Willis issued an Order on behalf of the executive secretary's office denying sanctions, vacating Chief Claims Examiner Barr's letter, and setting the case for the Greenville docket for hearing. Plaintiff wrote a letter on September 3, 1993 asking the Deputy Commissioner to reconsider his Order. Plaintiff's letter was referred to Commissioner Booker by Chief Claims Examiner Barr on September 13, 1993. Commissioner Booker referred the letter back to Chief Claims Examiner Barr on December 2, 1993. The Chief Claims Examiner then wrote plaintiff on February 7, 1993 suggesting an appeal to the Full Commission. Plaintiff appealed to the Full Commission on February 9, 1994.
In light of the applicable rules, and in the Commission's discretion, the following interlocutory order is entered pending a full evidentiary hearing on the merits pursuant to N.C.G.S. § 97-84. Hepler v. Red Bird Cab, I.C. 859934, 30 April 1993.
Wherefore it is ORDERED:
1. This matter shall be set on the Greenville hearing docket with the priority given a request for hearing filed with the Commission on June 17, 1993.
2. Defendants shall forthwith resume weekly payment of benefits at the rate of $200.00 per week to the plaintiff pending orders of the Deputy Commissioner hearing the matter, which shall be credited against any compensation found to be due for this period, or otherwise.
3. Defendants shall pay plaintiff's counsel of record an attorney fee of $1,500.00 for valuable services rendered to plaintiff in prosecuting the present motions. I.C. Rule 803.
4. Should the Deputy Commissioner find that plaintiff is entitled to any payment of temporary total disability compensation which has remained unpaid for more than 14 days after the period in respect of which it was due on account of the defendants' unilateral termination of benefits pursuant to the approved Form 21 agreement of _____ in violation of I.C. Rule _____, a penalty equal to 10% of such amounts shall be assessed. N.C.G.S. § 97-18 (__).
5. The taxing of costs shall abide the result.
 S/ ________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ____________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER
JRW/tmd 1/26/95